UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REBECCA MASTRO, on behalf of herself and all
others similarly-situated,

               Plaintiff,

         -against-

RAP SUCCESS SYSTEMS, INC., REAL AGENT
PRO LLC f/k/a L.A.R.E MARKETING GROUP
LLC, L.A.R.E. PARTNERS NETWORK INC.,
ISAIAH COLTON in his professional and individual
capacities, and JOHN DOE and JANE DOE #1-10.

            Defendants.

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiffs Rebecca Mastro ("Mastro"), (the "Plaintiff"), individually and on behalf of all

other persons similarly situated, by and through her attorneys, Stevenson Marino LLP, file this

Complaint against RAP Success Systems, Inc, ("RAP Success"), Real Agent Pro LLC ("Real

Agent"), L.A.R.E. PARTNERS NETWORK INC. ("L.A.R.E. Partners Network"), the individual

Defendant Isaiah Colton ("Colton"), in his professional and individual capacities, and John Doe

and Jane Doe #1-10 (collectively, the "Defendants"), alleges upon knowledge as to herself and

upon information and belief as to all other matters as follows:

## INTRODUCTION

    1.    Defendant RAP Success Systems, Inc. is a corporation organized pursuant to the

laws of New York with a principal place of business located at 343 State Street, Suite 1002,

Rochester, New York 14650.

2.      Defendant Real Agent Pro LLC is a New York based Limited Liability Company with its principal place of business located at 343 State Street, Suite 1002, Rochester, New York 14650.

3.      Defendant L.A.R.E. Partners Network is a corporation organized pursuant to the law of New York with a principal place of business located at 343 State Street, Suite 1002, Rochester, New York 14650.

4.      Defendant Colton is an individual who at all relevant times resided in the State of New York.

5.      Plaintiff Mastro and the other individuals who worked for Defendants and the worked as inside sales representatives in excess of forty (40) hours per week, but were paid on a salary basis, and were not paid overtime for hours worked in excess of forty (40).

6.      Plaintiff was hired by Defendants in or about October 31, 2016, and was terminated on July 8, 2019. At the time of her termination, she was a Sales Director, earning a $42,000 base salary plus commissions. At all times (other than when she was on leave), she worked in excess of 40 hours per week but never received overtime.

7.      Plaintiff and all similarly situated current and former employees that were paid a salary and whose principal job function was to perform sales principally at Defendants' office are non-exempt from overtime (hereinafter, the "Putative Collective/Class Members").

8.      Plaintiff and the Putative Collective/Class Members are entitled to receive overtime for hours worked in excess of forty in a workweek.

9.      In addition, Defendants discriminated against Plaintiff Mastro on the basis of her sex/pregnancy, failed to accommodate her when she underwent surgery, retaliated against her for taking FMLA leave, and paid her less than her male colleagues for performing the same work.

Defendants' justification for terminating Ms. Mastro was inconsistent. First, Jim Marra, HR, stated over the phone to Ms. Mastro that they were cutting her position, as they had restructuring. Later, Mr. Marra advised *via* a July 9, 2019 letter that she did not come back to work on June 26, so they terminated her because "other arrangements needed to be made." Lastly, Mr. Colton advised that Ms. Mastro's employment was performance based, as she purported failed to fulfill clients. None of the foregoing representations were true.[1]

10.     In addition, Defendants routinely failed to pay Plaintiff and the Putative Collective/Class Members all amounts due on nearly a monthly basis. As a result, 100% liquidated damages are due on all untimely payments plus $250 per incorrect wage statement under the New York Labor Law § 195 up to $5,000 per person.

11.     Accordingly, Plaintiff brings this Action on behalf of herself and all current and former employees of Defendants who from three years preceding the filing of this Complaint through the disposition of this Action were employees that were paid a salary and whose principal job function was to perform sales principally at Defendants' office and were not paid overtime pay when they worked more than 40 hours in a workweek in violation of the FLSA  (collectively, the "FLSA Collective").

12.     Plaintiff further brings this Action on behalf of herself and all current and former employees of Defendants who were paid a salary and whose principal job function was to perform sales principally at Defendants' New York office(s) from six years preceding the filing of this Complaint through the disposition of this Action (1) did not receive overtime pay when working in excess of forty (40) hours per week; (2) did not timely receive all compensation in a timely

---

[1] Plaintiff is not asserting a claim for discrimination at this time but is simultaneously filing a charge with the EEOC, and will seek leave to amend the Complaint once right to sue is granted.

manner when due; (3) did not receive the required Notice and Acknowledgment of Pay form in violation of NYLL §195; and (4) did not receive accurate wage statements in violation of NYLL § 195 (collectively, the "NY Class").

## JURISDICTION AND VENUE

13.     This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as to the claims pursuant to 29 U.S.C § 201, *et seq.*.

14.     This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367, as to the NYLL claims

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

16.     At all relevant times herein, Plaintiff is considered a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

17.     Plaintiff Mastro is an adult individual over the age of 18, residing in Rochester New York.

18.     Defendants employed Plaintiff Mastro from on or about October 2016 through July of 2019. At the time of Plaintiff's termination, Plaintiff Mastro was employed as a Sales Director.

19.     Defendant RAP Success is a corporation organized under the laws of the State of New York that owns and operates a software company that provides CRM software aimed at the Real Estate Brokerage industry.

20.     Defendant RAP Success's principal place of business is located at 343 State Street, Suite 1002, Rochester, New York 14650.

21.     Defendant Real Agent is a limited liability company organized under the State of New York that owns and operates a software company that provides CRM software aimed at the Real Estate Brokerage industry.

22.     Defendant Real Agent's principal place of business is located at 343 State Street, Suite 1002, Rochester, New York 14650.

23.     L.A.R.E. Partners Network is corporation organized under the laws of the State of New York that owns and operates a software company that provides CRM software aimed at the Real Estate Brokerage industry.

24.     Defendant L.A.R.E. Partners Network principal place of business is located at 343 State Street, Suite 1002, Rochester, New York 14650.

25.     Defendant Colton is an adult individual over the age of 18, residing in New York.

26.     At all relevant times herein, Defendant Colton is an owner of Defendants RAP Success and Real Agent, and, therefore, is personally liable for the wages of the employees of the Defendants pursuant to Business Corporation Law § 630, to which Plaintiff intends to hold Colton liable under.

27.     Defendants John Doe and Jane Doe #1-10 are as-yet unidentified owners, officers, shareholders, and managers of Defendants Rap Success and Real Agent.  At all times relevant to the allegations herein, they had the power to hire and fire employees at Defendants Rap Success and Real Agent, established their wages, set their work schedules, and maintained their employment records.

28.     Defendants Rap Success and Real Agent had annual gross revenues in excess of $500,000 for all relevant periods herein.

29.     At all relevant times the Defendant RAP Success has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

30.     Defendant Real Agency had annual gross revenues in excess of $500,000 for all relevant periods herein.

31.     At all relevant times the Defendant Real Agency has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

*Defendants Constitute Joint Employers*

32.     The Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA, and/or were otherwise legally responsible for the matters alleged in this Complaint and proximately caused Plaintiff, the FLSA Collective Members and the NY Class Members to be subject to the unlawful pay practices described in this Complaint.

33.     Defendants own(ed), operate(d) and/or control(led) a software company that provides CRM software aimed at the Real Estate Brokerage industry.

34.     Individual Defendants Isaiah Colton possess(ed) operational control over Defendant Corporations, possess(ed) an ownership interest in Defendant Corporations, and control(led) significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff, the FLSA Collective Members and the NY Class Members' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, the FLSA Collective Members and the NY Class Members,.

37.     Defendants jointly employed Plaintiff, the FLSA Collective Members and the NY Class Members, and are Plaintiff, the FLSA Collective Members and the NY Class Members, employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiff, the FLSA Collective Members and the NY Class Members,

39.     Upon information and belief, Individual Defendant Isaiah Colton operates Defendant Corporations as either alter egos of themselves, and/or fails to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

b.   defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.   transferring assets and debts freely as between all Defendants;

d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders;

e.   operating Defendant Corporations for their own benefit and maintaining control over these entities as closed corporations or closely controlled entities;

f.   intermingling assets and debts of their own with Defendant Corporations;

g.  diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

40.    At all relevant times, Defendants were Plaintiff, the FLSA Collective Members and the NY Class Members, employers within the meaning of the FLSA and NYLL.

41.    Defendants had the power to hire and fire Plaintiff, the FLSA Collective Members and the NY Class Members, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

42.    In each year from 2013 to 2019, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, Defendants regular contacted Real Estate Agents located outside of the State of New York to sell their software products.

44.    Collectively, Defendants have directed the work of Plaintiff, the FLSA Collective Members and the NY Class Members, and have benefited from work performed that Defendants suffered or permitted from them.

45.    Plaintiff Mastro, and the similarly situated FLSA Collective Members and NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

46.    Plaintiff Mastro, and similarly situated the FLSA Collective Members and the NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

## FACTUAL ALLEGATIONS REGARDING
## FAILURE TO PAY OVERTIME

47.     Plaintiff and the Putative FLSA Collective Members and the NY Class Members worked in excess of forty (40) hours per week but were not paid overtime for hours in excess of forty (40).

48.     While Defendants paid Plaintiff and the Putative FLSA Collective Members and the NY Class Members a salary plus commission, they failed to pay Plaintiff and the Putative FLSA Collective Members and the NY Class Members with overtime pay for hours worked in excess of forty (40) in a workweek.

49.     Plaintiff typically worked from 7:30 am to 7 or 8 pm and on 1 or 2 Saturdays a month from 10 am to 2 pm, for a total for average of 62 hours a week. All hours worked were logged in the ZOHO CRM system.

50.      Plaintiff was paid a fixed weekly salary of $807.60 and was not paid overtime.

51.     Plaintiff and the Putative FLSA Collective Members and the NY Class Members routinely worked between fifty (50) to sixty (60) hours in a workweek.

52.     The foregoing practice is not unique to Plaintiff, but is common and applied to the Putative FLSA Collective Members and the NY Class Members. Plaintiff knows this practice is not limited to herself because she spoke with other employees, including Steve Louhglin, Kate Strader, Jibriel Strader, and Joshuwa Clark, who all shared the same experience of working in excess of 40 hours and not receiving overtime.

53.     The foregoing practice violates the FLSA and NYLL.

## FACTUAL ALLEGATIONS REGARDING
## FAILURE TO TIMELY PAY WAGES

54. Defendants routinely engaged in a pattern and practice of arbitrarily failing to pay Plaintiff her commissions and bonus due each month.

55. Specifically, Defendants maintained commission incentives plans ("Commission Plans") as part of the compensation to incentivize Plaintiff Mastro and the Putative FLSA Collective Members and the NY Class Members.

56. Pursuant to the Commission Plans, Defendants were obligated to make payments at the end of each month to Plaintiff Mastro and the Putative FLSA Collective Members and the NY Class Members.

57. Defendants routinely failed to pay Plaintiff Mastro and the Putative FLSA Collective Members and the NY Class Members all of the compensation owed to them under the Commission Plan at the end of each month.

58. For example, Defendants failed to pay Plaintiff a commission on the Peter Nemethy deal which was a 6-month paid in full Facebook lead generation package (top package offering). Plaintiff should have been paid a commission of $1000 for it.

59. Plaintiff Mastro is also owed compensation under the Commission Plans that has never been paid.

60. For Example, Defendants failed to pay Plaintiff her bonus in Jan 2019 for hitting her ACH bonus.

61. Defendants also routinely failed to pay out residual income and when Defendants did pay it out, it was not accurate.

62. For example, for every deal Plaintiff closed from the date of hire, if the customers were still active clients, Plaintiff was required to be paid out 1-3% total revenue for each renewed

deal. Plaintiff had closed over 145 deals, but was only ever paid residual income for two months. The residual income Plaintiff was paid was less than $400 and was not accurate.

63.     When Plaintiff advised Defendants to provide the commission run because it was wrong, Defendants refused to provide the commission run.

64.     Plaintiff Mastro is aware that the Putative FLSA Collective Members and the NY Class Members had the same experience because she spoke with Steve Louhglin, Kate Strader, Jibriel Strader, and Joshuwa Clark, who confirmed that their payments were similarly late and they are all still owed commissions.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
## (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

65.     Plaintiff Mastro and, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference paragraphs 1 through 64, as if they were set forth again herein.

66.     Defendant employed Plaintiff Mastro and the FLSA Collective Members within the meaning of the FLSA.

67.     Plaintiff Mastro and the FLSA Collective Members are or were "employees" within the meaning the FLSA when the Defendants were a covered "employer" within the meaning of the FLSA.

68.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

69.     Plaintiff Mastro consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

70.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, et seq., apply to Defendants.

71.     Defendants had a policy and practice of having employees work in excess of forty (40) hours per week without paying them overtime. Plaintiff and the FLSA Collective Members were/are paid a weekly salary, and were not paid for hours worked in excess of forty (40). Plaintiff and the FLSA Collective Members were paid a salary and whose principal job function was to perform sales principally at Defendants' office and are non-exempt employees, not subject any exemption.

72.     As a result of Defendants' willful failure to compensate Plaintiff and the FLSA Collective Members at a rate not less than one and one-half for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.     Defendants knew and/or showed reckless disregard that their conduct was prohibited by 29 U.S.C. §§ 255(a).

74.     As a result of Defendants' FLSA violations, Plaintiff and the FLSA Collective Members are entitled to recover from Defendants (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and (c) reasonable attorneys' fees, and costs and disbursements in this action, pursuant to 29 U.S.C. § 216(b).

75.     Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(NYLL AND NYCCRR:  UNPAID OVERTIME)**

76.     Plaintiffs Mastro and the NYLL Class Members reallege and incorporate by reference paragraphs 1 through 75, as if they were set forth again herein.

77.     N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

78.     As described above, Defendants are an employer within the meaning of the NYLL, while Plaintiff and the Putative NY Class Members are/or were employees within the meaning of the NYLL.

79.     As also described above, Defendants misclassified Plaintiff and the Putative NY Class Members as exempt and thus failed to pay Plaintiff and the Putative NY Class for hours worked in excess of forty (40) per week, and thus failed to pay Plaintiff and the Putative NY Class in accordance with the NYLL's and NYCCRR's overtime provisions.

80.     Defendants' actions were in willful violation of the NYLL and NYCCRR.

81.     Plaintiffs are entitled to their overtime pay for all hours worked in excess of forty at the rate of one and one-half times their respective rates of pay.

82.     Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' willful violation of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO PAY WAGES)

83.     Plaintiffs Mastro and the Putative NY Class Members reallege and incorporate by reference paragraphs 1 through 82, as if they were set forth again herein.

84.     NYLL §§ 190, 191 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

85.     As described above, Defendants are an "employer" within the meaning of the NYLL, while Plaintiffs were "employees" within the meaning of the NYLL.

86.     As also described above, Defendants failed to timely provide all compensation to Plaintiff and the Putative NY Class Members pursuant to compensation owed to plaintiff and the Putative NY Class Members under the Commission Plan.

87.     Defendants' actions were in willful violation of the NYLL.

88.     Plaintiff and the Putative NY Class Members are entitled pursuant to all compensation owed under the Commission Plans.

89.     Plaintiff and the Putative NY Class Members are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' willful failure to pay wages in violation of the NYLL.

### FOURTH CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO COMPANY WITH NOTICE AND RECORDKEEPING REQUIREMENTS)

90.     Plaintiffs Mastro and the Putative NY Class Members reallege and incorporate by reference paragraphs 1 through 89, as if they were set forth again herein.

91.     NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

92.     NYLL § 661 requires that Defendants establish and maintain, inter alia, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

93.     12 N.Y.C.R.R. § 142-2.6 requires New York Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, inter alia, each employee's name, wage

rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

94.     NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with each payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

95.     N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with each payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

96.     Defendants did not provide Mastro and the Putative NY Class Members with the requisite notices and statements described above in the foregoing paragraphs.

97.     As a result of Defendants failure to comply with the notice and record keeping requirements of NYLL § 195(a) and 195(3), Plaintiff and the Putative NY Class Members are entitled to recover from Defendants all penalties as provided by NYLL § 198(1)b and 198(1)d.

## DEMAND FOR A JURY TRIAL

98.     Plaintiff and Putative FLSA Collective and the NY Class Members demand a trial by jury on all issues and claims in this Action.

## PRAYER FOR RELIEF

99.     **WHEREFORE,** Plaintiff Mastro, the NYLL Class, and the FLSA Collective are entitled to and pray for the following relief:

100.     Designation of this Action as a FLSA collective action on behalf of the Plaintiff Mastro and the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to members of the FLSA Collective, apprising them of the pendency of this action,

permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

101.　A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA, New York Labor Law, and common law;

102.　An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the weighted average rate of pay under the FLSA and/or the NYLL, plus liquidated damages;

103.　An award of all unpaid compensation due under the Commission Plans, plus liquidated damages pursuant to the FLSA and NYLL;

104.　An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

105.　Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and record keeping requirements of NYLL §§ 195(1) and 195(3);

106.　An award of pre-judgment and post-judgment interest;

107.　An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of service payments to Plaintiff Mastro; and

108.　Such other and further relief as this Court deems just and proper.

Dated:　New York, New York　　　　　Stevenson Marino LLP
　　　　　January 2, 2020　　　　　　　　Attorneys for Plaintiffs


　　　　　　　　　　　　　　　　　　　　By:　　/s/ Justin R. Marino
　　　　　　　　　　　　　　　　　　　　Justin R. Marino
　　　　　　　　　　　　　　　　　　　　(212) 939.7228 (o)
　　　　　　　　　　　　　　　　　　　　(212) 531-6129 (f)
　　　　　　　　　　　　　　　　　　　　jmarino@stevensonmarino.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

To:     Ten Largest Shareholders of RAP SUCCESS SYSTEMS, INC.,
        343 State Street, Suite 1002
        Rochester, NY 14650

To:     Isaiah Colton
        c/o RAP SUCCESS SYSTEMS, INC.,
        343 State Street, Suite 1002
        Rochester, NY 14650


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, Isaiah Colton and the ten largest shareholders of RAP SUCCESS SYSTEMS, INC., as well as any affiliated companies that employed Ms. Mastro and all individuals similarly situated, are hereby notified that Plaintiff Mastro, and others similarly situated who were unlawfully denied overtime, gap time, and straight time wages, intend to charge you and hold you personally liable, jointly and severally, for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated:  New York, New York              Stevenson Marino LLP
        January 2, 2020                 Attorneys for Plaintiffs


                                        By:____/s/ Justin R. Marino____.
                                            Justin R. Marino
                                        (212) 939.7228 (o)
                                        (212) 531-6129 (f)
                                        jmarino@stevensonmarino.com
                                        75 Maiden Lane, Suite 402
                                        New York, New York 10038

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

To:     Ten Largest Shareholders of REAL AGENT PRO LLC f/k/a
        L.A.R.E MARKETING GROUP LLC,
        343 State Street, Suite 1002
        Rochester, NY 14650

To:     Isaiah Colton
        c/o REAL AGENT PRO LLC f/k/a
        L.A.R.E MARKETING GROUP LLC,
        343 State Street, Suite 1002
        Rochester, NY 14650


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, Isaiah Colton and the ten largest shareholders of REAL AGENT PRO LLC f/k/a L.A.R.E MARKETING GROUP LLC, as well as any affiliated companies that employed Ms. Mastro and all individuals similarly situated, are hereby notified that Plaintiff Mastro, and others similarly situated who were unlawfully denied overtime, gap time, and straight time wages, intend to charge you and hold you personally liable, jointly and severally, for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York          Stevenson Marino LLP
       January 2, 2020              Attorneys for Plaintiffs


                                   By:____/s/ Justin R. Marino____.
                                        Justin R. Marino
                                   (212) 939.7228 (o)
                                   (212) 531-6129 (f)
                                   jmarino@stevensonmarino.com
                                   75 Maiden Lane, Suite 402
                                   New York, New York 10038

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

To:    Ten Largest Shareholders of L.A.R.E. PARTNERS NETWORK INC.,
       343 State Street, Suite 1002
       Rochester, NY 14650

To:    Isaiah Colton
       c/o L.A.R.E. PARTNERS NETWORK INC.,
       343 State Street, Suite 1002
       Rochester, NY 14650

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, Isaiah Colton and the ten largest shareholders of L.A.R.E. PARTNERS NETWORK INC., as well as any affiliated companies that employed Ms. Mastro and all individuals similarly situated, are hereby notified that Plaintiff Mastro, and others similarly situated who were unlawfully denied overtime, gap time, and straight time wages, intend to charge you and hold you personally liable, jointly and severally, for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York        Stevenson Marino LLP
      January 2, 2020          Attorneys for Plaintiffs

                  By:_____/s/ Justin R. Marino_____.
                     Justin R. Marino
                  (212) 939.7228 (o)
                  (212) 531-6129 (f)
                  jmarino@stevensonmarino.com
                  75 Maiden Lane, Suite 402
                  New York, New York 10038