

Jeffrey R. Maguire, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

September 20, 2021

*Via ECF*
The Honorable Charles J. Siragusa
United States District Judge for the
Western District of New York
100 State Street
Rochester, New York 14614

      Re:    *Mastro v. RAP Success Systems, Inc. et al.*
              *Docket No: 20-cv-6003 (CJS)(MWP)*

Dear Judge Siragusa:

      This firm represents Plaintiff, Rebecca Mastro, in the above-referenced action involving wage claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against her former employers, Pinnacle Athletic Campus LLC, Daniel Bree, and Sharon Cardarelli (collectively as "Defendants"). We submit this letter jointly, on behalf of Plaintiff Mastro and Defendants, to respectfully request that the Court review and approve the parties' settlement of the Plaintiff's claims brought pursuant to the FLSA as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). A copy of the parties' fully-executed settlement agreement is attached hereto as **<u>Exhibit A.</u>**[1]

**I.     PRELIMINARY STATEMENT**

      On January 2, 2020, Plaintiff filed a Complaint in this Court against Defendants asserting claims that Defendants failed to pay her overtime in violation of the FLSA. *See* Dkt. No. 1. On May 8, 2020, Defendants filed an Answer denying Plaintiff's claims in their entirety. *See* Dkt. No. 11. On December 21, 2020, the parties participated in private mediation in the matter. *See* Dkt. No. 19. After the parties subsequently engaged in written discovery on the matter, the parties ultimately resolved Plaintiffs' claims against Defendants in full.

---

[1] Plaintiff also asserted claims against Defendants' for alleged violations of unlawful termination, which although resolved by the parties' in a separate settlement agreement, do not require court approval for dismissal. *E.g. Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 2021 WL 38264, at *6 (S.D.N.Y. Jan. 5, 2021) (collecting cases) ("Precedent confirms that such an approach is permissible").

The Honorable Charles J. Siragusa
September 17, 2021
Page 2 of 5

Specifically, Defendants own and operate a business to business ("B2B") consulting agency that works with Real Estate Brokers and Agents to build and scale their business through automated services and advanced technologies. On or around October 31, 2016, Defendants hired Plaintiff as a sales director and Plaintiff worked in this role until July 8, 2019. Plaintiff alleged that during the entirety of her employment, she routinely worked more than forty hours each week but failed to receive overtime pay as a result of Defendants' misclassification of her position as exempt. Defendants maintained that Plaintiff was properly classified as exempt under the "retail and service establishment" exemption.

Based on Plaintiffs' damages, the parties agreed to settle Plaintiff's FLSA claims for the sum of $5,000.00. Additionally, Plaintiff's counsel respectfully submits an application for one-third of the settlement amount in attorneys' fees, which is $1,666.67.

## II.     THE AGREEMENT IS FAIR AND REASONABLE

FLSA claims may be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07. Courts approve FLSA settlements "when they are reached as a result of contested litigation to resolve bona fide disputes." *Brown v. Mustang Sally's Spirits & Grill, Inc.*, No. 12-CV-529S, 2013 WL 416303, at *1 (W.D.N.Y. Jan. 31, 2013) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Mein v. Smith Fam. Farms, LLC*, 485 F. Supp. 3d 389, 393 (W.D.N.Y. 2020) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). "The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator." *Saldana v. Middletown Car-G-Cam Uni Corp.*, 2015 WL 12591678, at *1 (S.D.N.Y. Sept. 23, 2015) (citing *Sukhnandan v. Royal Health Care of Long Island LLC*, 2013 WL 4734818, at *2 (S.D.N.Y. Sept. 3, 2012)).

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). *See Mein*, 485 F. Supp. 3d at 392-93. The *Wolinsky* factors consider: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.* (citing *Wolinsky*, 900 F. Supp. 2d at 335).

The Honorable Charles J. Siragusa
September 17, 2021
Page 3 of 5

    A.  *Range of Possible Recovery*

Plaintiff's FLSA claims are subject to a two-year statute of limitations, and discovery showed that her workweeks routinely exceed forty hours up until March 15, 2019. Therefore, the relevant period under the FLSA spanned from January 2, 2018 to March 15, 2019 for a total of sixty-two weeks. Based on her alleged hours worked, Plaintiff calculated her damages to be approximately $16,240.90 based on a half-rate theory (regular rate = weekly compensation/hours worked). Based on these damages and the uncertainty of prevailing on the misclassification, willfulness, and good faith issue, Plaintiff settled her FLSA claims for roughly thirty-one percent of her damages on her best day. *See Felix v. Breakroom Burgers & Tacos*, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (finding net settlement of 25% of FLSA plaintiff's maximum recovery to be reasonable where, among other contested issues, the parties disputed the hours worked by the plaintiff); *accord Lesser v. TIAA Bank, FSB*, 2020 WL 615317, at *2 (S.D.N.Y. Oct. 2, 2020).

    B.  *Avoidance of Burdens, Expenses, and Litigation Risks*

Further, settling at this stage "avoids the risks and burdens of litigation . . . as well as the costs, uncertainties, and delays inherent in litigation of this nature." *See Lesser*, 2020 WL 6151317, at *2; *Mein*, 485 F. Supp. 3d at 393 (finding that settlement weighed in favor of approval where "the Agreement was reached early in the proceedings, reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens"). Indeed, were a settlement not reached at this stage, the parties would have then been obligated to engage in depositions of all parties, potentially subsequent motion practice, and trial. At this point in the action, there have not been substantial out-of-pocket litigation expenses incurred, but post-depositions, the costs would naturally increase. This settlement eliminates all of those burdens, costs, and risks, which in totality weighs in favor of approval of the settlement.

    C.  *Arms-Length Bargaining, No Fraud or Collusion, No Cheeks Admonitions*

As detailed herein, this settlement was reached before expending otherwise-inevitable resources on depositions, and potential motion practice. Both sides realized that continued litigation would not be in the best interests of any party involved, and as a result of that recognition, the negotiations were aggressively pursued on both sides to come to a fair and reasonable compromise, with assistance from a member of the Western District's mediation panel. Indeed, the fact that the Parties' settlement was reached through the assistance of a neutral strongly indicates a fair and reasonable settlement. *See In re Penthouse Executive Club Comp. Litig.*, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ("A settlement . . . reached with the help of third-party neutrals enjoys a presumption that the settlement achieved meets the requirements of due process."); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, at *1 (E.D.N.Y. Apr. 20, 2012) ("The

The Honorable Charles J. Siragusa
September 17, 2021
Page 4 of 5

assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."). Accordingly, the settlement achieved here clearly reflects an arm's-length negotiation absent from fraud or collusion and a reasonable compromise over the contested issues at stake in the matter.

Furthermore, the Parties' agreement contains a release limited to wage-related claims and does not contain a confidentiality clause or a non-disparagement clause. *See Mein*, 485 F. Supp. 3d at 394-95 (citation omitted).

### III.    ATTORNEYS' FEES ARE ALSO REASONABLE

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also evaluate the reasonableness of the fees." *Snead v. Interim HealthCare of Rochester, Inc.*, 286 F. Supp. 3d 546, 556 (W.D.N.Y. 2018) (citation omitted). "This ensures that the agreement is not influenced by conflicts between the interests of counsel and the plaintiff's interest in obtaining the best possible recovery." *Id.* (citation omitted).

Here, Plaintiff's counsel's request that the Court approve fees of one-third of the settlement is "consistent with the trend in this Circuit." *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); *Snead*, 286 F. Supp. 3d at 557. Thus, a one-third recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee entitlement is entirely contingent upon success of a settlement or award. *See Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Here, Plaintiff's counsel's requested fee of $1,666.67, or one-third of the settlement, is wholly reasonable and consistent with that law.

Moreover, the reasonableness of these fees is further solidified by applying the lodestar method as a cross check to ensure that counsel's fee award is not excessive in relation to the amount of work actually performed. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 435 (S.D.N.Y. 2014) (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *Goldberger*, 209 F.3d. at 50. Indeed, "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fee FLSA cases." *Sakiko Fujiwara*, 58 F. Supp. 3d at 439.

In order to conduct the lodestar crosscheck, Plaintiffs' counsel multiplied the attorney hours spent on the case by the individuals' reasonable hourly rates. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). Here, if Plaintiffs' counsel were seeking fees pursuant to the lodestar, J.R. Stevenson, a partner at the Firm with thirteen years' experience, Justin R. Marino, a partner with

The Honorable Charles J. Siragusa
September 17, 2021
Page 5 of 5

thirteen years' experience, and Jeffrey R. Maguire, a partner at the Firm with twelve years' experience, would seek $250.00 per hour. This Court has found this rate to be reasonable for partners in FLSA cases. *Snead*, 286 F. Supp. 3d at 558.

The Firm calculated its lodestar to well exceed the amount requested, therefore not requiring a multiplier. Accordingly, Plaintiff's attorneys' fees are reasonable in light of the risk associated with a contingent fee FLSA case. *See Sakiko Fujiwara*, 58 F. Supp. 3d at 439. Because Plaintiff's counsel requests an insubstantial amount in connection with the settlement of Plaintiff's FLSA claims, Plaintiff will submit records for billing only if the Court directs.

### IV.     **CONCLUSION**

In light of the foregoing, the parties respectfully request that the Court approve their settlement of Plaintiff's FLSA claims and dismiss this matter with prejudice, while retaining jurisdiction for the sole purpose of enforcing the parties' agreement and entering judgment in the event of a breach in accordance with the agreement's terms.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the Firm*

C:  All Counsel of Record *via* ECF